# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-60380
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 6, 2014

Lyle W. Cayce
Clerk

JU WANG,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 359 450

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Ju Wang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' (BIA) dismissal of his appeal of the immigration judge's (IJ) denial of his application for asylum. 8 U.S.C. § 1158(a). Wang does not seek review of the denial of his applications for withholding of removal or protection under the Convention Against Torture.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60380

Although Wang challenges the BIA and IJ's adverse credibility finding, he fails to point to evidence in the record that would compel the conclusion that he was credible. *See Dayo v. Holder*, 687 F.3d 653, 658 (5th Cir. 2012); *United States v. Ramirez*, 557 F.3d 200, 203 (5th Cir. 2009). The BIA and the IJ noted several discrepancies in the evidence, particularly regarding a position Wang had held at a local cultural center. Wang told an immigration officer that he was forced to quit his job at the cultural center after writing a paper or book about the difficult lives of people under Communist Rule, but, at hearings, Wang claimed that he was forced out of his position after criticizing a specific government official and project. Even in a later interview with the immigration officer, Wang denied that he had lost his job based on that paper, asserting that he did not begin writing articles until he reached the United States. Additionally, Wang testified that he returned to work for the government after several years and continued in that position for an additional five years before leaving China.

Contrary to Wang's assertions, the BIA and the IJ correctly applied the standard enunciated in *I.N.S. v. Cardoza-Fonseca*, 480 U.S. 421 (1987), for eligibility for asylum based on potential future persecution. Specifically, the BIA and IJ required Wang to show a well-founded fear of such future persecution, a standard with a subjective and an objective component. *See Chen v. Gonzales*, 470 F.3d 1131, 1135 (5th Cir. 2006). The substantial evidence in the record supports the BIA and IJ's determination that Wang failed to make the required showing. *See* 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(B)(i); *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Wang admitted that he was unsure whether the Chinese government was aware of his writings. The only evidence that the government was aware of Wang's writings and inclined to react to them was Wang's own testimony that

government authorities questioned his wife and that a friend informed him that he had been blacklisted.  That evidence, without more, is insufficient to show an objective fear of persecution even were Wang credible.  *See Abdel-Masieh v. U.S. INS*, 73 F.3d 579, 583 (5th Cir. 1996).  Moreover, Wang's parents and three siblings all remained in China free of persecution.  Wang himself had never been arrested, physically harmed, or threatened with physical harm despite his openly-voiced criticism in the early 1990s.  Even when Wang lost his job in 1993, his wife continued working and they continued to live in the home provided by her employer.  *See id.*

Wang further argues that the corroborating evidence in the record compels the conclusion, despite the adverse credibility finding, that Wang had a well-founded fear of persecution.  As the relevant corroborative evidence, Wang cites his own writings since arriving in the United States and his daughter's testimony.  Wang's own writings do not demonstrate that the Chinese government is aware of Wang's activities or would be inclined to persecute him even if they were aware.  S*ee Chen*, 470 F.3d at 1135-36.  Wang's daughter admitted that she obtained her knowledge of the events in 1993 from her parents because she was only 7 or 8 years old at the time.  Although she also testified regarding her father's current political activities, her testimony similarly does not indicate that the Chinese government is aware of her father's activities or that it would be inclined to persecute him if it were aware.  *See id.*  Her testimony thus also fails to compel a conclusion different from that reached by the BIA.  *See Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009).

Wang's petition for review is DENIED.